**FOSTER & GLASSELL CO., Inc., v. ACKEL.***
### No. 5014.

Court of Appeal of Louisiana. Second Circuit.
May 2, 1935.

Rusca & Cunningham, of Natchitoches, for appellant.

John G. Gibbs, of Natchitoches, for appellee.

TALIAFERRO, Judge.

Plaintiff's petition sets forth that it acquired all of the assets, rights, and credits of Foster & Glassell Company, Inc., bankrupt, from the trustee of the bankrupt's estate on October 15, 1933, among which was an account against defendant whereon is due a balance of $896.61. Basing its ownership of said account upon the title given it by the trustee, plaintiff instituted this suit against defendant to recover judgment for the balance due thereon.

Defendant filed exceptions to the petition, which we quote:

"1. Exceptor shows that plaintiff's petition discloses no right nor cause of action.

"2. In the alternative, exceptor shows that the plaintiff's petition is vague and indefinite in that the alleged account is not itemized.

"3. Also, in the alternative, exceptor shows that the plaintiff has not attached to his petition anything to show that Foster & Glassell Company, Inc., was adjudicated a bankrupt, nor anything to show that a trustee was appointed, nor anything to show that the trustee, if appointed, was authorized to sell the assets of Foster & Glassell Company, Inc., nor any evidence of the alleged sale.

"Wherefore, exceptor prays that this exception be sustained and plaintiff's suit dismissed. Exceptor prays in the alternative that this exception be sustained and plaintiff ordered to amend, and for all necessary orders."

On May 23, 1934, the exception of no cause of action was overruled, and the minute en-

*Rehearing denied June 4, 1935.

try of that date contains the following: "Plea of vagueness and prayer for oyer sustained and plaintiff ordered to file within ten days evidence of his ownership of the account sued on."

On June 9th, defendant filed motion to dismiss the petition in the following language:

"Now into Court, through undersigned counsel, appears the defendant and shows that on May 23, 1934, the Court sustained a plea of vagueness or motion for bill of particulars, and gave the plaintiff ten days in which to amend. The ten days having elapsed and the amendment not having been filed, the case should therefore be dismissed at plaintiff's costs.

"Wherefore, mover prays that plaintiff's case be dismissed at its costs and for all necessary orders."

This motion was fixed for hearing on June 27th. It was argued and submitted. The minutes of the court's proceeding on that date contain the following:

"Minutes of May 23rd ordered corrected to read",

"Let itemized account be filed by the plaintiff within ten days."

And on July 3d, the minutes read as follows: "Itemized account and answer to prayer for oyer offered for filing and objected to by counsel for defendant on the ground it comes too late. Motion to dismiss heretofore filed, tried and taken under advisement by the court, now sustained and suit dismissed. Bill reserved by counsel for plaintiff. Objection to filing of account and answer to prayer for oyer sustained. Bill reserved by counsel for plaintiff."

From the judgment dismissing the suit, plaintiff brings this appeal.

While defendant's alternative exception appears to have been treated by the lower court as a prayer for oyer, yet it is lacking in several particulars in appropriate allegations to characterize it as being such a plea. No prayer is made for the production of any of the papers and documents referred to therein, nor is it asked that the petition be dismissed should production of said papers and documents not be made within a period to be fixed by the court. The prayer is that plaintiff be ordered to amend. It seems to us the third paragraph of the exception is in its nature a continuation of the second section thereof, and that it is in reality a part of the exception of vagueness. It is averred that the petition is vague and indefinite because the account sued on is not itemized, and by analogy it could as well be argued that the petition is in like manner deficient because the papers and documents described in the third paragraph are not attached thereto. Be that as it may, defendant's counsel in argument has admitted that said papers and documents, excepting the itemized account sued on, were of record in the clerk's office of the parish of Natchitoches, and had been shown to him by plaintiff's counsel, and stated that he no longer insisted upon these being filed in court under the exception or plea. In effect, the desire to have these papers and documents filed under the court's order was abandoned and the right to insist thereon waived.

The correctness of the court's order dismissing the suit because the itemized account was not filed within ten days after May 23, 1934, is insisted on here. We do not agree with this position. The account was tendered for filing within ten days after the minutes were amended so as to require the filing of the account. The tender was timely even under the court's own original order. We think it would have been timely had the minutes originally ordered the account filed within ten days, as a compliance therewith any time before the court had actually ordered the suit dismissed would have met the ends of justice and provided defendant with the information he desired in ample time to prepare his defense. Prevention of multiplicity of suits, where such is possible, and the ends of justice at the same time subserved, is a function and a duty of a court, and, as in this case, where the right to renew the action immediately upon the dismissal of the petition lies in plaintiff, no good purpose could be served in the suit's dismissal.

Defendant, answering the appeal, prayed that the exception of no cause and no right of action filed by him and overruled by the lower court be sustained. We assume this exception has been abandoned as it was not touched upon in oral argument or briefs. Anyway, it is without merit, in view of counsel's attitude toward the oyer plea filed by him.

For the reasons assigned, the judgment appealed from is reversed and set aside, and this case remanded to the lower court for further proceedings; costs of appeal are assessed against appellee; other costs to await final decree in the case.