**FOSTER & GLASSELL CORPORATION v. ACKEL.**

**No. 5197.**

Court of Appeal of Louisiana. Second Circuit.

April 3, 1936.

Rusca & Cunningham, of Natchitoches, for appellant.

John G. Gibbs, of Natchitoches, for appellee.

HAMITER, Judge.

Plaintiff seeks judgment herein for the alleged balance on an open account in the amount of $896.61.

The case was before us on a previous occasion, and it will, therefore, be necessary to briefly review its history and mention the pertinent proceedings that have taken place.

After the filing of suit, defendant tendered an exception in which he pleaded, among other things, that the petition was vague and indefinite for the reason that the account sued on was not itemized.

The trial court sustained the plea of vagueness, and, according to its corrected minutes of June 27, 1934, plaintiff was ordered to file an itemized statement of the account within ten days from that date. On July 3, 1934, plaintiff offered the itemized statement for filing, but, on objection of defendant as coming too late, the filing was not permitted. Also, on this last-mentioned date, a motion to dismiss, previously filed by defendant, was sustained and plaintiff's suit dismissed. Plaintiff then prosecuted an appeal to this court.

In our former decree (160 So. 863), we reversed and set aside the judgment appealed from, and remanded the case for further proceedings. The effect of our judgment was that the itemized statement was timely presented for filing, and that plaintiff should, therefore, be permitted to file it and have the case pursue its regular course.

Thereafter, defendant made application to the Supreme Court to have our judgment reviewed, but writs were refused on July 1, 1935.

The record, on the remand, was received and filed by the trial court on July 9, 1935. On that same date defendant filed answer to plaintiff's petition.

When plaintiff sought to offer the testimony of several witnesses, during the trial of the case on July 31, 1935, to prove the account sued on, defendant's counsel objected on the ground that the allegations of the petition were too vague and indefinite to admit of proof, and, further, that the itemized statement was not annexed to the petition and was not timely filed. These objections were sustained by the trial court, and all testimony relating to the correctness and establishment of the account was excluded. Plaintiff attempted to introduce in evidence, in connection with the witnesses' testimony, the itemized statement and the original invoices of the account, but these were also not permitted. Judgment was then rendered and signed rejecting plaintiff's demands at its cost. The case is now before us on appeal from this judgment.

We think that the trial judge erred in excluding proof of the account in question. In our former opinion we specifically stated that the itemized statement was timely tendered for filing, and the very purpose of remanding the case was to permit its reception and further proceedings in the matter.

Furthermore, vagueness is a dilatory plea and must be pleaded in limine litis, before issue is joined. Code of Practice, art. 333. When defendant answered to the merits of the case, he waived all rights that he possessed under his plea of vagueness. Flake v. Flake, 163 La. 1022, 113 So. 361.

The waiving of a previously filed dilatory exception by answering to the merits is tantamount in law to the filing of no such exception at all. And it is well settled that the defendant cannot virtually obtain the dismissal of plaintiff's suit

by objecting to the admissibility of the evidence on the ground that the pleadings are too vague and indefinite to admit of proof, where he fails to take full advantage of an exception of vagueness before issue is joined. Hudson v. Louisiana Ry. & Nav. Co., 4 La.App. 248; Murff v. Louisiana Highway Commission (La.App.) 146 So. 328.

Accordingly, it is ordered, adjudged, and decreed that the judgment appealed from is hereby set aside, annulled, and reversed, and it is now ordered that the case be remanded for further proceedings according to law. The cost of this appeal shall be paid by defendant; the other cost shall abide the final determination of the case.