101 So.2d 488 (1958)
Pearl Lee WILLIAMS et al., Plaintiff-Appellant,
v.
U. S. ROYAL TIRES et al., Defendants-Appellees.
No. 4598.
Court of Appeal of Louisiana, First Circuit.
March 17, 1958.
*489 Horace R. Alexius, Jr., Covington, for appellant.
Porteous & Johnson, Montgomery, Barnett, Brown, Sessions & Read, John P. Hammond, New Orleans, for appellees.
ELLIS, Judge.
Plaintiff has appealed from a judgment of the district court in which an exception of no right and no cause of action filed by the defendants was sustained and her suit, individually and on behalf of her minor daughter for damages as the result of the death of her husband and the father of the minor in an automobile accident was dismissed.
There are four defendants named in this suit, to-wit: U. S. Royal Tires, Division of the United States Rubber Company; United States Rubber Company; Chevrolet Motors, Division of General Motors, Inc., and General Motors, Inc., however, in the same article in which plaintiffs allege there are four defendants, she apparently limits it to two as she alleges that U. S. Royal Tires is a Division of the United States Rubber Company and that the defendant Chevrolet Motors, is a Division of General Motors Inc. Regardless of whether the defendants are two or four, the result would be the same.
Plaintiff's petition then sets forth that on May 24, 1956 at approximately the hour of twelve to ten A. M., plaintiff's husband was involved in an automobile accident, and as a result thereof, died. Presumably, and in argument it was admitted, plaintiff's husband was alone at the time of the accident in his automobile, and plaintiff further alleges that at the time of the accident her husband was operating a Chevrolet automobile, which was a 1954 model that had been purchased by plaintiff's husband from Hood Motor Company at Amite, Louisiana on January 18, 1956, and that the "said accident was caused by the right front tire `blowing out' which caused the said automobile to go out of control and leave the highway and overturn." Plaintiff then specifically alleges:
"10. That at the time of said accident, plaintiff believes and so alleges that both the tire and the automobile were under both `strict and general warranty', to their respective manufacturers, and plaintiff is informed and believes and so alleges that the respective manufacturers of both tire and automobile *490 warrant their produce under `strict warranty' up to Four thousand (4,000) miles and under `general warranty' up to Ten Thousand (10,000) miles.
"11. That the accident was caused by a defect in both the tire and the automobile in the following respects, but not limited thereto:
"Negligence on Part of `Defendant, U. S. Royal Tires'.
"(a). In producing a tire which was defective and blew out before it had 4,000 miles on it.
"(b) In not testing said tire before selling it to see that it could be driven at least 4,000 miles with safety.
"(c) In not using due caution and care under the circumstances in seeing that their products (tires) could stand the road test of at least 4,000 miles.
"Negligence on Part of `Defendant. Chevrolet Motors'.
"(a) In selling an automobile which was defective and could not last 4,000 miles on the highway.
"(b) In not testing said automobile before selling it to see that it could be driven at least 4,000 miles with safety.
"(c) In not using due caution and care under the circumstances in seeing that their product (automobile) could stand the road test of at least 4,000 miles.
"12. That at the time of the accident, there was no negligence on the part of Bobbie Earl Williams and the said accident was caused solely by the negligence of defendant as previously set out.
"13. That plaintiff does not know what caused said accident other than the allegations alleged in the above article and plaintiff does not know what caused the tire to blow out, and the said automobile to leave the highway and overturn, and plaintiff invokes and pleads the doctrine of res ipsa loquitor."
Considering the allegations and particularly Article 9 wherein plaintiff specifically alleges that the cause of the accident was that the right front tire blew out causing the automobile to go out of control, leave the highway and overturn, and Article 13 in which she alleges that plaintiff does not know what caused the accident other than the allegations alleged in the above articles, and plaintiff does not know what caused the tire to blow out and the said automobile to leave the highway and overturn, it is clear that the doctrine of res ipsa loquitur does not apply. In Larkin v. State Farm Mutual Automobile Insurance Company, 91 So.2d 94, 95, this court in discussing he doctrine stated:
"In the comprehensive article by a leading Louisiana tort authority, Professor Wex S. Malone, `Res Ipsa Loquitur and Proof by InferenceA Discussion of the Louisiana cases', 4 La.Law Review, 70, upon which defendant's argument is in large part based, the rule is summarized:
"`It is commonly stated that two conditions must be met before the doctrine can apply. First, the accident must be one that ordinarily would not occur in the absence of negligence,' 4 La.Law Review 76. `A second requirement * * * is commonly said that res ipsa loquitur is not available unless it is shown that the defendant was in exclusive control of the agency that caused the injury,' 4 La.Law Review 80.
"When the inference of negligence on the part of the defendant arises by reason of application of the doctrine of res ipsa loquitur to a case, `the burden is then on the defendant to show absence of negligence on his part,' Northwestern Mutual Fire Association v. Allain, 226 La. 788, 77 So.2d 395, at *491 pages 396-397, 49 A.L.R.2d 362, or `to exculpate himself from negligence,' Saunders v. Jimmie Walker Home Appliances, 229 La. 426, 86 So.2d 89, at page 93; Watkins v. Gulf Refining Company, 206 La. 942, 20 So.2d 273.
"Able counsel for defendant argues that the District Court erred in applying the doctrine of res ipsa loquitur, since (1) the doctrine is inapplicable when the plaintiff is in as good a position as the defendant to explain the cause of the accident; (2) `the mere fact of a car leaving the road' does not make out a case of prima facie negligence, and the doctrine of res ipsa loquitur is inapplicable in almost all automobile accident cases, including this type.
"Despite arguments similar to those advanced by defendant herein, the doctrine of res ipsa loquitur was successfully invoked in the following suits by injured passengers (or their survivors) against the driver (or his liability insurer) of a car which left the road for unexplained causes. Bourg v. Aetna Casualty & Surety Company, La.App. 1 Cir., 77 So.2d 131; Fetterly v. McNeely, La.App. 1 Cir., 77 So.2d 757; Pearce v. United States Fidelity & Guaranty Co., La.App., 8 So.2d 743; Harrelson v. McCook, La.App., 198 So. 532; Galbraith v. Dreyfus, La. App., 162 So. 246; Gomer v. Anding, La.App. 1 Cir., 146 So. 704, 705; Monkhouse v. Johns, La.App., 142 So. 347; Livaudais v. Black, 13 La.App. 345, 127 So. 129; and Hamburger v. Katz, 10 La.App. 215, 120 So. 391. In the Bourg and Livaudais cases recovery was denied on the ground of the passenger's contributory negligence; as to which herein there is no evidence at all.
"It is to be noted that the Bourg driver, either by reason of intoxication at the time of the accident or subsequent lapse of memory, had no more information as to the circumstances of the accident accessible to him and his liability insurer than there is on behalf of the unfortunate deceased driver in the present case. (Cf., the Gomer case, where the driver could not remember how the accident happened.)
"In support of its first argument, defendant relies upon such frequently found statements as: `The doctrine of "res ipsa loquitur" applies in cases where, by reason of the fact of the happening of the accident, the defendant is in a better position to explain its occurrence than the plaintiff,' Loprestie v. Roy Motors, 191 La. 239, 185 So. 11, page 13. In the cited case, the Supreme Court reversed the lower court's sustention of an exception of no cause of action.
"In the law review article above cited, Professor Malone observes that due to the Louisiana courts' use of the doctrine as a rule of pleading in deciding an exception of no cause of action filed to the petition,
"* * * In sustaining the pleadings, the courts have emphasized that the outstanding reason for a resort to res ipsa loquitur lies in the fact that the defendant has superior knowledge. This is a valid observation in determining the sufficiency of the pleadings, but it leads only to confusion when used with reference to the final determination of the dispute. The writer suggests that the same doctrine cannot be used to test the sufficiency of both the pleadings and the evidence,' 4 La.Law Review 94."
Also see Arrington v. Hearin Tank Lines, La.App., 80 So.2d 167; Talley v. Brock Furniture Company, La.App., 81 So. 2d 443; Spurlock v. Boyce Harvey Machinery, Inc., American Mutual Liability Insurance Company, Intervenor, La.App., 90 So.2d 417.
*492 It cannot possibly be presumed or said that the blowing out of this tire was solely because of a defect therein by the alleged manufacturer, defendant U. S. Royal Tires. There are numberless means or causes other than a defect in the manufacture, which bring about a blow out of a tire. It was the duty of the plaintiff in this case to allege wherein this tire was defective and to connect such condition to its negligent manufacture by defendant, U. S. Royal Tires. Plaintiff admitted upon a hearing in the lower court and in argument before this court that the tire could never be produced as it was not in their possession and as far as plaintiff knew, even in existence at the present time. Therefore, even if by any stretch of the imagination plaintiff's petition could be amended so as to state a cause of action, which would be treating the exception of defendants as one of vagueness, it is clear that plaintiff could never prove it.
Plaintiff's allegation that the sole cause of this accident was the blowing out of the tire, although she also alleged that she did not know why the tire blew out, would be in conflict with her general allegation of negligence on the part of defendant, Chevrolet Motors, as set forth in Article 11 in particularity. A fair reading of the petition would exclude any negligence on the part of the defendant, Chevrolet Motors, as the cause of the accident. In addition plaintiff's petition fails to allege any structural or mechanical defect in the Chevrolet automobile, therefore, no negligence in the manufacture structurally or mechanically, could be shown under such an allegation. In addition there is no allegation that the tire in question was a part of the equipment at the time of the delivery of the Chevrolet automobile following manufacture by General Motors. As stated by counsel for General Motors in their brief, "no facts of negligence have been alleged against General Motors, which are subject to proof or show causal connection for the tire blow out."
Esteemed counsel for plaintiff cites MacPherson v. Buick Motor Company, 1916, 217 N.Y. 382, 389, 111 N.E. 1050, L.R. A. 1916F, 696, Ann.Cas.1916C, 440, and Walker v. General Motors Corporation, 115 F.Supp. 267, Wilson (Zurich General Accident & Liability Ins. Co., Limited, Intervenors) v. National Casualty Company, La. App., 191 So. 574, which we do not find apposite. It is true that manufacturers of automobile tires are under a duty to make them properly and carefully, but one charging a manufacturer with not doing so must allege wherein the manufacturer has failed and a causal connection with the accident. This counsel for plaintiff admits that he cannot do, nor could he prove such an allegation if made under his own admission in the lower court as well as in this court.
For the above and foregoing reasons the judgment of the District Court is hereby affirmed.