BLANCHE, Judge.
This is an appeal from a judgment sustaining a peremptory exception urging prescription and dismissing plaintiff’s suit. Plaintiff brought suit against defendant under its subrogation rights to recover the amount that plaintiff paid its insured under automobile collision coverage, the basis of plaintiff’s action being that the insured vehicle was damaged as a result of a defective tire manufactured by defendant and defendant’s negligence in connection with the manufacturing and marketing thereof. The pertinent allegations of plaintiff’s petition, insofar as the matter presently before the court is concerned, are the following:
“2.
“That petitioner herein was required to pay its named insured, Jerry H. Forst, the sum of $2695.00 due to a collision loss sustained on November 1, 1966, by the insured vehicle, to wit, one 1966 Ford 6T Fairlane, motor No. 6A 40S200998, bearing Louisiana License Place (sic) No. LA 182 B545 for the year 1966.
“3.
“That the above referred to loss occurred on Nov. 1, 1966 on U. S. Highway 190, at approximately 0.7 miles east of Louisiana Highway 78 in Pointe Coupee Parish, at approximately 3:45 a. m.
“4.
“That the cause of this collision loss was due to a blowout of the left rear tire, to wit, one Uniroyal Master, Super Low Profile 775 x 14, bearing serial # 3826LP.
“5.
“That the above referred to tire was manufactured by the United States Rubber Company, and the said tire was defective, to wit:
“(a) Improper design
“(b) Failure to set a proper inspection system to week (sic) out defective tires.
“(c) Failure to furnish a tire of high degree of reliability and safety, consistent with advertisement programs.
“(d) Failure to use materials of such a nature in the tire to withstand expected normal road use.
“(e) Lack of quality control in component parts used to manufacture tires and thereby manufacturing a substandard tire.
“(f) and for other acts of negligence which will be made manifest at the time of trial.
“6.
“That the referred to tire herein, at time of failure had 11,638 miles of use thereon.” (Record, pp. 5, 6)
To this original petition defendant filed a peremptory exception urging no right and no cause of action. The exception urging no cause of action was sustained by the trial court and plaintiff was given time within which to amend the petition. Thereafter plaintiff filed a “Supplemental and Amended Petition,” the pertinent additional allegation of which is the following:
“11.
“Petitioner avers that the following defects, in addition to those already *438 plead (sic), caused the tire to blow out, to wit:
“(a) A lack of sufficient tire tread on this tire to guarantee safe operation of the vehicle.
“(b) Disintegration of this tire prior to impact.
“(c) Use of inferior grade of rubber in the manufacture of this tire,
“(d) Failure to notice the use of such inferior grade of rubber through lack of quality control process.” (Record, p. 10)
To this “Supplemental and Amended Petition” defendant filed an exception of prescription urging that plaintiff having failed to state a cause of action in its original petition, the cause of action allegedly stated in and by virtue of the “Supplemental and Amended Petition” was the first cause of action stated and was filed more than one year after the accident, thereby being barred by liberative prescription of one year as set forth in Civil Code Article 3536.[1]
The peremptory exception urging prescription was submitted to the court for decision on memoranda, and judgment was rendered sustaining the exception and dismissing plaintiff’s suit. From this judgment plaintiff has perfected this devolutive appeal, urging in the first place that the trial court erred in sustaining the exception urging no cause of action, and in the second place, erred in sustaining the exception urging prescription. We are of the opinion plaintiff’s position in these two respects is well founded, and we, accordingly, reverse the judgments of the trial court.
Defendant-appellee cites in support of its contention that plaintiff’s original petition failed to state a cause of action the case of Williams v. U. S. Royal Tires, 101 So.2d 488 (La.App., 1st Cir. 1958). A review of this case reflects, however, that the basis for our decision therein was the fact that plaintiff alleged her inability to ascertain the cause of the accident other than her allegation that the tire was defective, and plaintiff expressly relied on and invoked the doctrine of res ipsa loquitur, which we held inapplicable. The pleadings further reflected in the Williams case that the tire had been destroyed and was unavailable as evidence, whereas in the case before us, the briefs reflect that the tire has been in the possession of plaintiff since the accident, so that plaintiff will presumably be in the position to offer evidence to establish plaintiff’s allegations of a defective tire and negligence of the defendant without having to resort to the doctrine of res ipsa loquitur. As we stated in the Williams case:
“It was the duty of the plaintiff in this case to allege wherein this tire was defective and to connect such condition to its negligent manufacture by defendant, U. S. Royal Tires. Plaintiff admitted upon a hearing in the lower court and in argument before this court that the tire could never be produced as it was not in their possession and as far as plaintiff knew, even in existence at the present time. Therefore, even if by any stretch of the imagination plaintiff’s petition could be amended so as to state a cause of action, which would be treating the exception of defendants as one of vagueness, it is clear that plaintiff could never prove it.” (101 So.2d at 492)
The original petition of plaintiff in the instant case, on the contrary, has alleged wherein the tire was defective as set forth in paragraph 5 of the original petition and as expanded by paragraph 11 of the “Sup *439 plemental and Amended Petition,” with the result that the rule enunciated in Williams is inapplicable.
We feel plaintiff’s original petition did in fact state a cause of action against defendant, and the trial court committed error in sustaining the peremptory exception urging no cause of action.
The trial court was correct, however, in permitting plaintiff to amend its petition to allege additional facts, as the trial court was required to do upon sustaining the peremptory exception in accordance with Code of Civil Procedure Article 934.
Assuming, arguendo, that the original petition failed to state a cause of action, we are satisfied, nevertheless, that the filing of the original petition within the one-year prescriptive period sufficed to interrupt prescription so that if plaintiff first stated a cause of action upon the filing of its first “Supplemental and Amended Petition,” the sustaining by the trial court of the peremptory exception of prescription was erroneous.
The applicable law in this regard is well summarized by the Louisiana Supreme Court in Callender v. Marks, 185 La. 948, 171 So. 86, 87, 88 (1936), as follows:
“The jurisprudence is well established that where a petition imperfectly states a cause of action due to insufficiency of allegations, but informs the defendant of the nature of the claim or demand, an amended petition supplying the deficiency may be filed even after an exception of vagueness or an exception of no right or cause of action has been sustained, and after the prescriptive period has elapsed, because the amendment does not set up a new, different or separate cause of action, but merely clarifies and amplifies the allegations of the original petition or demand which interrupted prescription. Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488; McCoy v. Arkansas Natural Gas Co. et al., 184 La. 101, 165 So. 632; National Park Bank v. Concordia Land & Timber Co., 159 La. 86, 105 So. 234 — 240; James v. City of New Orleans, 151 La. 480, 91 So. 846-848; Missouri, etc., R. R. Co. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355, Ann.Cas. 1914B, 134.
“Where an exception of no right or cause of action is sustained because the petition does not state any right or cause of action whatsoever, prescription is not interrupted by the filing thereof, and the amended petition or the subsequent suit, which does set forth a cause of action or another demand based on different grounds than those contained in the original petition, does not date back to the filing of the original petition, and, if filed after the prescriptive period has elapsed, will be dismissed upon a plea of prescription. National Park Bank v. Concordia Land & Timber Co., supra; De Bouchel v. Koss Const. Co., Inc., et al., 177 La. 841, 149 So. 496; Union Pacific R. Co. v. Wyler, 158 U.S. 285, 15 S.Ct. 877, 39 L.Ed. 983; Sicard v. Davis, 31 U.S. (6 Pet.) 124, 8 L.Ed. 342.”
The Supreme Court went on to state that where the original suit was subject to an exception of no cause of action because of insufficient allegations of fact in the petition, such petition would be classified as one which imperfectly stated a cause of action so as to constitute an interruption of prescription rather than as one which did not state any cause of action whatsoever:
“In the instant case, as shown by the finding of the Court of Appeal and by the record, the .exception of no right or cause of action filed in the original suit was sustained, because of insufficient allegations of fact in the petition. The plaintiff, therefore, filed a petition of demand which imperfectly stated his cause of action and was en *440 titled to amend or file another suit, because the dismissing of the petition on the exception of no right or cause of action was equivalent to a nonsuit. McCoy v. Arkansas Natural Gas Co. et al., supra.” (171 So. at 88 — Emphasis added)
At the worst, plaintiff’s original petition can be said to have contained insufficient allegations of fact, and cannot be classified as a petition which failed to state any cause of action whatsoever. Accordingly the timely filing of this original petition even if subject to a peremptory exception urging no cause of action, nevertheless, can be and was adequately amended so as to state a cause of action by virtue of plaintiff’s filing his “Supplemental and Amended Petition,” and the filing of the original petition interrupted prescription.
Plaintiff, of course, at the trial of this cause will be limited to offering evidence properly admissible under the allegations of the pleadings as amended, but plaintiff has stated a cause of action, and should be allowed its day in court. We feel this decision is consonant with the liberal construction required to be accorded to provisions of the Louisiana Code of Civil Procedure as enunciated in Code of Civil Procedure Article 5051, and with jurisprudence adhering to the. principle that pleadings should be liberally construed to the end that the pleader will have his day in court and the ends of justice will be best served, Glass v. Vista Shores Club, 221 So.2d 304 (La.App. 4th Cir., 1969).
The judgments of the trial court sustaining the peremptory exceptions urging no cause of action and prescription are reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal are to be borne by defendant-appellee, with the. remaining costs to be assessed in accordance with the final disposition of this cause.
Reversed and remanded.

. Plaintiff subsequently filed a “Second Supplemental and Amended Petition” to allege that the tire was purchased new from a distributor of defendant in Me-tairie, Louisiana, on June 5, 3966, so as to cure the apparently erroneous allegation contained in plaintiffs first “Supplemental and Amended Petition” which had alleged in paragraph 10 thereof that the tire had been purchased on May 5, 1967.