383 So.2d 141 (1980)
Agnes ROUGEAU and Adus Rougeau, Plaintiffs-Appellants,
v.
SEARS, ROEBUCK AND COMPANY, et al., Defendants-Appellees.
No. 7575.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1980.
*142 Hornsby & Landry, Lucius A. Hornsby, Lafayette, for plaintiffs-appellants.
Raggio, Cappel, Chozen & Berniard, Richard B. Cappel, Lake Charles, for appellant.
Cook, Clark, Egan, Yancey & King, Benjamin C. King, Shreveport, Stockwell Sievert, Viccellio, Clements & Shaddock, Fred H. Sievert, Jr., Lake Charles, for defendants-appellees.
Before SWIFT, STOKER and LABORDE, JJ.
SWIFT, Judge.
Plaintiffs, Agnes and Adus Rougeau, appeal a summary judgment granted by the trial court in favor of defendants, Sears, Roebuck & Company and Michelin Tire Corporation. We reverse.
The plaintiffs filed suit seeking damages for personal injuries sustained by Mrs. Rougeau on July 28, 1976, while working for the Evangeline Service Station in Welsh, Louisiana. It was alleged that she was in the process of mounting a tire specially manufactured by Michelin for Sears and filling it with air when the tire exploded. Several acts of negligence were set forth, all related to the principal contention that the tire was defectively manufactured. Thereafter, an amended petition was filed, naming Firestone Tire and Rubber Corporation as additional defendant and alleging that the tire was either a Sears or Firestone product.
At the time of the accident Central Mutual Insurance Company was the workmen's compensation insurer of Mrs. Rougeau's employer. It filed a separate suit seeking reimbursement of the workmen's compensation benefits it had paid as a result of the accident. These two suits were consolidated for trial.
Firestone filed a motion for summary judgment which was granted and a formal decree was signed. No appeal has been taken from this judgment and it is now final.
Sears and Michelin filed a similar motion and a summary judgment was rendered in their favor. Central Mutual has not appealed from this judgment and it is now final as to that party. It is the Rougeau's appeal from this judgment that is now before this court.
The plaintiffs have filed an affidavit by Mrs. Rougeau stating that when the tire exploded the gauge registered only 29 pounds of air per square inch. Also, they filed an affidavit of a person with 22 years experience repairing, examining, mounting and dealing with tires saying that he has never known a tire in a stationary position, *143 either new or worn, to explode on being pumped with 29 pounds of air; that a tire inflated only to this extent, which explodes in such a position without being struck by any object, is defective in the layered construction of the tire; and that he would not have to examine such a tire to determine it was defective.
The plaintiffs' answers to interrogatories disclose that the tire in question has been discarded, its whereabouts are unknown and it has never been examined by an expert.
The trial judge agreed with the defendants' contention that because the tire is not available for examination by an expert the plaintiffs will be unable to prove directly or inferentially that it was defective when manufactured and that a defect was the cause of the explosion and resulting injuries; and therefore, as a matter of law, the defendants were entitled to a summary judgment. Cited as authority were Williams v. U. S. Royal Tires, 101 So.2d 488 (La.App. 1 Cir. 1958); Shramek v. General Motors Corp., Chevrolet M. Div., 69 Ill. App.2d 72, 216 N.E.2d 244 (1 Dist. 1966); Casetta v. United States Rubber Co., 260 Cal.App.2d 792, 67 Cal.Rptr. 645 (1 Dist. 1968). We take the liberty of quoting the following from the judge's well written reasons for sustaining the motion for summary judgment:
"The only Louisiana case dealing with a tire blowout and the unavailability of the tire is Williams v. U. S. Royal Tires, supra. The plaintiff in that case attempted to rely on the doctrine of res ipsa loquitur. The court properly held that this doctrine did not apply under the facts alleged in the petition. It is the following language of the opinion that counsel for mover relies to sustain his motion for summary judgment at page 492, to-wit:
"It cannot possibly be presumed or said that the blowing out of this tire was solely because of a defect therein by the alleged manufacturer, defendant U. S Royal Tires. There are numberless means or causes other than a defect in the manufature, [sic] which bring about a blow out of a tire. It was the duty of the plaintiff in this case to allege wherein this tire was defective and to connect such condition to its negligent manufacture by defendant, U. S. Royal Tires. Plaintiff admitted upon a hearing in the lower court and in argument before this court that the tire could never be produced as it was not in their possession and as far as plaintiff knew, even in existence at the present time. Therefore, even if by any stretch of the imagination plaintiff's petition could be amended so as to state a cause of action, which would be treating the exception of defendants as one of vagueness, it is clear that plaintiff could never prove it."
"The holding of the Williams case appears to be that even if a cause of action is alleged, if the tire is unavailable, the plaintiff could never prove his cause of action since tire blowouts can be attributed to many other causes other than a defect in manufacture.
"It should be noted that the Williams case involved the blowout of the tire on a vehicle which was in operation and the blowout of the tire could have been caused by road conditions or the striking of an object. The Shramek case, supra, also involved the blowout of a tire while a vehicle was in operation. The tire in the instant case blew out while it was stationary and being mounted and the question is does this make a legal difference. The Casetta case, supra, does involve an action against the manufacturer and distributor of a tire, by a tire repairman injured as a result of an explosion which occurred while he was mounting a new automobile tire on a rim. The Appellate Court held that the defendant's motion for judgment notwithstanding the verdict was properly granted. Since no expert was available to inspect the tire due to unavailability, the court noted there was no direct evidence of the cause of the explosion and further that although the plaintiff was entitled to rely on circumstantial evidence to establish the existence *144 of the defect, the plaintiff has failed to introduce any evidence of defects in the tire contributing to the explosion.
"The Louisiana courts have not had an opportunity to rule on a case where a mounted or stationary tire exploded. Should this court overrule the motion for summary judgment, the defendant will be put to an expensive trial, whereas the granting of a motion for a summary judgment will allow the Appellate Court to rule as a matter of law whether the plaintiff can recover and whether the rule of the Williams case is still the law.
"The court is therefore going to grant the motion for summary judgment, being of the opinion that the rationale of the Williams case is controlling."
Under Article 966 of our Code of Civil Procedure, of course, a summary judgment should be rendered when the pleadings, depositions, admissions and affidavits on file show that there is no genuine issue of material fact and the mover is entitled to such judgment as a matter of law. However, the law is settled that summary judgment is not to be used as a substitute for a full trial of a controverted factual issue which is material to the decision of the case. LeBlanc v. Landry, 371 So.2d 1276 (La.App. 3 Cir. 1979). Further, the likelihood that a party will be unable to prove his allegations at trial does not constitute a basis for rendering a summary judgment. Hemphill v. Strain, 341 So.2d 1186 (La.App. 1 Cir. 1976), writ denied 343 So.2d 1072 (La.1977). The question to be resolved on a motion for summary judgment is whether there is a genuine issue of material fact and not how that issue should be determined. Givens v. Richland-Morris Agency, Inc., 369 So.2d 1184 (La.App. 2 Cir. 1979).
We agree with the court in Williams that it will be extremely difficult, and probably impossible, to prove that the tire involved in the present case was defective, without the tire or an expert who has examined it. However, this is clearly an issue of fact and we are unable to reach that conclusion as a matter of law. Just because the court might be convinced that the evidence preponderates in favor of the defendants does not justify the denial of a full trial on the merits to resolve the disputed factual issue. Dougharty v. Calkraft Paper Co., 335 So.2d 772 (La.App. 3 Cir. 1976).
We think that Williams can be distinguished from the case before this court. In that instance the tire exploded while on a vehicle which was traveling on a highway and exposed to road hazards; whereas, in our case the tire was stationary on a tire mount apparently exposed only to the application of air pressure to mount it on a rim. Be that as it may, we must say that if our ruling does actually conflict with Williams, we choose not to follow the line of reasoning expressed therein, that the failure to produce the tire or an expert who examined it, as a matter of law, precludes a plaintiff injured by the explosion of the tire on a stationary mount from recovering from the manufacturer and seller without giving him the opportunity to attempt to prove his case at a trial on the merits.
For the above and foregoing reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings according to law.
All costs of this appeal are assessed against defendant-appellees.
REVERSED AND REMANDED.