LABORDE, Judge.
The plaintiff, Henry J. Lacour, appeals a summary judgment granted by the trial court in favor of the defendant, Hartford Accident and Indemnity Company. Whether or not the trial court erred in determining that no genuine material issue of fact existed is the sole issue on appeal. We reverse and remand. We find that a genuine issue of material fact exists which precludes the granting of a summary judgment.
The plaintiff filed suit seeking damages sustained when his motorcycle was hit by an automobile driven by Karen D. Cooper and insured by Hartford. The accident occurred on July 18, 1976, while Lacour was riding his motorcycle on Louisiana Highway 389. He was struck by the automobile driven by Ms. Cooper. Four eyewitnesses testified in depositions that Lacour had pulled off the shoulder of the highway and reentered the highway into the path of Ms. Cooper’s automobile. Lacour, in his deposition, testified that he did not pull over to the shoulder before the collision but that he *733 kept in his lane of travel and maintained a steady speed when Ms. Cooper’s car collided with the rear end of his motorcycle.
The procedure for summary judgment is set forth in Louisiana Code of Civil Procedure Article 966. The general principles to be followed in deciding a motion for summary judgment were summed up by this court in LaBlanc v. Landry, 371 So.2d 1276 (La.App. 3rd Cir. 1979) as follows:
“... A summary judgment is not to be used as a substitute for a full trial of a controverted fact issue which is material to a decision in the case. Where supporting documents of the proponents and opponents of a motion for summary judgment indicate that a genuine issue of material fact may exist, the motion should be denied. McMoris v. Sheppard, 315 So.2d 342 (La.App. 4th Cir. 1975); Berthelot v. Travelers Insurance Company, 304 So.2d 59 (La.App. 1st Cir. 1974). The summary judgment procedure should be used cautiously and sparingly and any reasonable doubt concerning the existence of such should be resolved against the mover and in favor of a full trial on the merits. Mecom v. Mobil Oil Corp., 299 So.2d 380 (La.App. 3rd Cir. 1974). Moreover, the fact that the court might conclude that the evidence preponderates in favor of the opponent does not justify the denial of the full trial on the merits to resolve the disputed issue. Dougharty v. Calkraft Paper Co., 335 So.2d 772 (La.App. 3rd Cir. 1976).”
In the instant case, the trial court determined that it was an undisputed fact that Lacour had pulled from the shoulder of the highway into the path of Ms. Cooper’s automobile. The court ignored the testimony of the plaintiff that he never slowed down and never pulled off the highway. This is a material issue of fact which must be resolved at a full trial on the merits and not on a motion for summary judgment. Just because the court might be convinced that the evidence preponderates in favor of the defendant, does not justify the denial of a full trial on the merits to resolve the disputed issue. Rougeau v. Sears, Roebuck and Company, 383 So.2d 141 (La.App. 3rd Cir. 1980); Dougharty v. Calkraft Paper Company, 335 So.2d 772 (La.App. 3rd Cir. 1976).
Upon review of the record, we find that a genuine issue of material fact exists which precludes the granting of a summary judgment. Therefore, we find the decision of the trial court to be clearly wrong.
For the above and foregoing reasons, the judgment of the trial court granting the defendant’s motion for summary judgment is reversed and the case is remanded to the trial court for further proceedings according to law. All costs of this appeal are assessed against the defendant-appellee; all other costs are to await further proceedings.

REVERSED AND REMANDED.