li GAUDIN, Judge.
Stephen S. Hall was an attorney practicing law in the Energy Center, 1100 Poydras Street, in New Orleans. On January 13, 1995, at approximately 5:30 p.m., he walked from his office to where his automobile was parked two blocks away, carrying his briefcase and an adding machine. At the parking lot, he was abducted by two men, car-jacked and later murdered.
Is this incident covered by this state’s workers’ compensation statutes? A judge in the Office of Workers’ Compensation, District 7, said yes, finding that Hall was in the course and scope of his employment at the time of his abduction. We would affirm.
Louisiana eases are legion regarding the applicability of workers’ compensation laws when an employee leaves work and is on the way home. Three things have emerged from these decisions which are applicable to the unusual facts and circumstances of this case:
(1) each case must be decided on its distinct merits,
(2) as a general rule, when an employee is traveling to and from work he is not covered by workers’ compensation but this rule has been the subject of juris-prudentially established exceptions, and
(3) one of the recognized exceptions is the threshold doctrine.
In Yates v. Naylor Industrial Services, Inc., 569 So.2d 616 (La.App. 2 Cir.1990), unit denied, 572 So.2d 92 (La.1991), and in several other eases, these exceptions to the general rule are listed:
(1) if the accident- happened on the employer’s premises;
(2) if the employee was deemed to be on a specific mission for the employer, such as making a trip in the interest of his employer’s business or pursuant to his employer’s order;
(3) if the employer had interested himself in the transportation of the employee as an incident to the employment agreement either by contractually providing transportation or reimbursing the employee for his travel expenses;
(4) if the employee was doing work for his employer under circumstances where the employer’s consent could be fairly implied;
(5) if the employee was hurt while traveling to and from one work site to another;
(6) if the employee was injured in an area immediately adjacent to his place of employment and that area contained a distinct travel risk to the employee, also known as the threshold doctrine; and,
*252 (7) if the operation of a motor vehicle was the performance of one of the duties of the employment of the employee. (Underlining provided.)
The Louisiana Supreme Court, in Mundy v. Department of Health and Human Resources, 593 So.2d 346 (La.1992), stated at page 350:
“An exception, known as the threshold doctrine, has been recognized when an accident occurs at a place with an unusually hazardous travel risk which is immediately adjacent to, but not on, the employer’s premises. The threshold doctrine generally involves a special risk, attributable to the location of the work premises, that is different from the risks to which the general traveling public is exposed or that is more aggravated in the area adjacent to the employer’s premises than elsewhere.” (Underlining provided.)
See also Stewart v. Louisiana Plant Service, Inc., 611 So.2d 682 (La.App. 4 Cir.1992), writ denied, 616 So.2d 706 (La.1993).
IsAlthough not immediately adjacent to Hall’s office, the parking lot was only two blocks away and was close enough to be considered under the threshold doctrine. Hall’s employer, the House, Golden, Kings-mill and Riess law firm, employed 23 men and women but provided parking space within the enclosed Energy Center for only five people, not including Hall although it is clear that he was expected to have his car available every day to drive from one place to another. Hall was a civil engineer as well as a lawyer. A standby, ready-to-use auto was an important if not essential condition of his employment. Hall traveled extensively and was paid mileage. He visited accident sites, met clients at places away from his law office, attended depositions, etc. There is a waiting list to obtain a parking spot within the Energy Center enclosure.
Equally clear, if not more so, was evidence establishing the very dangerous nature of the parking lot. Hall’s employer was aware of this widespread criminal activity and had complained to the police. John Ronquillo, a 21-year veteran detective with the New Orleans Police Department, testified about the numerous crimes committed in the vicinity of the Energy Center, particularly in the nearby parking lots.
He said that the area where Hall was carjacked “... had to develop a district within a district to combat the crime ... because of frequency of crime in that area.”
Before January 13,1995, Hall’s automobile had been broken into twice. The two men who forced Hall into his ear at gunpoint were later convicted of murder and are now serving life sentences in prison. They resided in a nearby housing project, known as a high crime area as were the parking lots.
Adding to the perilous nature of the parking lot Hall used was the fairly Lclose proximity of the city’s bus and train terminal and an abandoned building, which, according to Officer Ronquillo, attracts homeless people and those inclined to prey on others.
True, Hall did not have to park in that particular lot in the 700 block of O’Keefe Avenue; however, he had to park somewhere near the Energy Center and it was reasonable that he park where he did, two blocks away. While most of the illegal activity in and around the parking lots close to the Energy Center involved vandalism and break-ins, this activity indicated the ongoing presence of law-breakers and criminals. Officer Ronquillo said the parking lots were in “an extremely high crime area.” The week before Hall was murdered, another person had been killed in one of the parking lots near the Energy Center.
The trial judge found that Hall was in the course and scope of his employment when abducted and that the abduction took place “... from the parking lot area of his work place.” Inasmuch as close calls in workers’ compensation cases are usually made in favor of the employee, we cannot say the District 7 judge was manifestly wrong in finding that Hall's work place, considering all relevant aspects and particulars, extended to the parking lot or that she erred in applying the threshold doctrine to these meaningful factors.
If Hall had satisfactorily entered his automobile and safely driven off the parking lot, he would have been on his way home and not *253 covered by workers’ compensation statutes. Before that, he was, as the trial judge determined, within the scope of his employment and on the threshold of his work premises.
The Hall petitioners, as appellants on appeal, assigned these district court errors:
|s(l) the trial judge failed to award attorney fees, penalties and expenses,
(2) compensation payments were unconstitutionally limited, and
(3) burial expenses should have been allowed.
We find no merit in (1) and (2) but, regarding burial expenses, up to $5,000.00 is permitted in accord with LSA — R.S. 23:1210.
According, we affirm all segments of the trial judge’s rulings of June 26, 1997 and October 31, 1997, except for the omission of burial expenses.
AFFIRMED AS AMENDED.
GOTHARD, J., concurs.
GRISBAUM, J., dissents for the reasons by DALEY, J.
DALEY, J., dissents with reasons.