|,WALTZER, Judge.
Plaintiff, Kenneth Roberts, appeals the partial summary judgment dismissing his suit against the Orpheum Corporation. Roberts sued various defendants, including Orpheum, for injuries he received from a fall in a building owned by the Orpheum. At the time of the accident, the building was leased by the Symphony. The lease provided that the lessee, the Symphony, assumed full responsibility for the building pursuant to LSA-R.S. 9:3221.
FACTS AND PROCEDURAL HISTORY
In August 1989, Roberts was injured after a fall in the Orpheum Theater. Roberts was an employee of the Symphony and was working at the time of the accident. The Orpheum Corporation owned the building and leased it to the Symphony. Under the terms of the lease, the lessee (the Symphony),
aceept[ed] the Leased Premises in their present condition, and assume[d] full responsibility for the Leased Premises, including, without limitation, all liability assumable by a tenant under Louisiana Revised Statutes 9:3221.
Roberts sued various defendants, including the Orpheum Corporation, the Symphony, Concrete Busters of New Orleans, Inc., the Mathes Group, American Crescent Elevator and its insurer. Roberts’ claims were dismissed against the Symphony, the Mathes Group, Concrete Busters of New Orleans, and this [¡.dismissal was upheld on appeal. Roberts v. Orpheum Corporation, 91-2076, 91-2204 (La. App. 4 Cir. 12/15/92); 610 So.2d 1097, 1100, %vrit denied 93-0416 (La.4/12/93); 616 So.2d 682.
By partial summary judgment on 2 March 1998, the trial court dismissed the suit against Orpheum for the third time. On prior motions by Orpheum, the trial court dismissed the suit against this defendant, but these summary judgments were reversed on appeal, because this defendant failed to offer evidence sufficient “to exonerate itself from liability under Section 3221.” Roberts, supra at 1100 and Roberts v. Orpheum Corporation, 93-1224 (La. App. 4 Cir. 12/30/93); 630 So.2d 914.
Roberts appeals the dismissal of his suit against the owner/lessor of the building in which he fell. Roberts argues that Orphe-um failed to prove application of LSA-R.S. 9:3221.
DISCUSSION
Roberts sued numerous defendants after his accident in 1989. The claims against several defendants have been dismissed. Roberts, supra at 1102. He appeals the dismissal of the suit against the Orpheum Corporation by summary judgment on 2 March 1998.
The dispositive issue is whether the judgment granting Orpheum’s motion for summary judgment is appealable under LSA-C.C.P. art.1915, as amended by Act 1997, No. 483 § 2, eff. 1 July 1997. LSA-C.C.P. art.1915 provides in pertinent part,
(B)(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, re-conventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final | ¿judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
Roberts appeals the 2 March 1998 judgment dismissing all claims against the Or-pheum Corporation. However, this dismissal does not end the suit. The partial summary judgment does not constitute a final appealable judgment.
The trial court neither addressed whether there was a reason for delaying the *918 appeal of this partial dismissal nor designated the judgment as a final judgment for the purpose of an immediate appeal. Jackson v. America’s Favorite Chicken Company, 98-0605 (La.App. 4 Cir. 2/3/99); 729 So.2d 1060. The record contains no evidence that the trial court or the parties considered the requirements for immediately appealing a partial judgment.
In 1999, the legislature amended LSA-C.C.P. art. 1915 by Act 1263. The 1999 amendments change the article in several respects. For purposes of this appeal, we are concerned with a change in the language of paragraph (B)(1) of Article 1915. The language in Article 1915(B)(1) is amended to eliminate confusion with Article 1915(A) by elimination of “parties” from paragraph (B)(1). See Comment-1999 to LSA-C.C.P. art. 1915. A partial judgment under Article 1915(B) is appeal-able only if the court designates it an appealable judgment. A final judgment under paragraph (A) of Article 1915 is appealable without such a designation, except for a partial summary judgment rendered pursuant to LSA-C.C.P. art. 966(E). Id.
However, assuming we were inclined to apply these amendments to this appeal, we are prohibited by the legislature. Act 1263 § 3 expressly provides that, “The provisions of this Act shall become effective on January 1, 2000, and shall Lapply to all actions filed on or after January 1, 2000.” For this reason, we will not apply the 1999 amendment to this case.
CONCLUSION
Because the record contains no evidence of compliance with the requirements of LSA-C.C.P. art.1915, we dismiss the appeal of the partial summary judgment, dismissing all claims against Orpheum.
APPEAL DISMISSED.
ARMSTRONG, J., CONCURS IN THE RESULT.