767 So.2d 827 (2000)
Marvel Kalb Brown, wife of/and Charles BROWN
v.
George J. ACKEL, Sr., Jeanette L. Ackel and XYZ Insurance Company.
No. 00-CA-287.
Court of Appeal of Louisiana, Fifth Circuit.
July 25, 2000.
*828 Brian A. Gilbert, Pierce & Bizal, New Orleans, LA, for plaintiffs-appellants.
Danna E. Schwab, Schwab, Schwab & Fondren Houma, LA, for defendants-appellees.
(Court composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD, and MADELINE JASMINE, Pro Tempore.)
MADELINE JASMINE, Judge Pro Tempore.
Plaintiffs-appellants, Marvel Kalb Brown and Charles Brown, husband and wife, appeal the trial court's granting of a motion for summary judgment in favor of defendants, Young Men's Christian Association (YMCA) and St. Paul Fire and Marine Insurance Company (St.Paul), defendants-appellees. For the following reasons, we reverse and remand.
According to the record, 73-year-old Mrs. Brown had been employed by the YMCA as a nursery supervisor for approximately 11 years on January 12, 1998. That day, she was in the process of going to lunch when she fell on the wet sidewalk near the front entrance of the YMCA. Mrs. Brown had clocked out before leaving, and she was not paid for her lunch break. At the time of her fall, she was in the process of taking a young child, who attended the YMCA's nursery school, to the Brown residence for lunch, as she had done for several years. According to plaintiffs, taking the child to the Brown residence for lunch was not part of her employment but, rather, was a private arrangement between Mrs. Brown and the child's mother. As a result of her fall, Mrs. Brown sustained various injuries for which she sought medical treatment.
*829 Mrs. Brown filed a claim against the YMCA and its workers' compensation insurer, Superior National Insurance Company. In its answer to that claim, the YMCA asserted that Mrs. Brown was not entitled to workers' compensation benefits because the injury did not arise out of and in the course of her employment. Ultimately, the claim was settled when Mrs. Brown signed a "Release of All Claims and Judgment of Dismissal" on September 15, 1999 for the sum of $36,877.74. The release signed by Mrs. Brown specifically reserved her rights in tort against "any and all named and /or potential defendants" in the instant lawsuit, which was pending when this claim was settled.[1]
Named as defendants in this lawsuit are George J. Ackel, Sr. and Jeanette L. Ackel, the alleged owners of the premises leased to the YMCA. Among the other defendants are the YMCA and its liability insurer, St. Paul, as well as United Pacific Insurance Company (United Pacific), the commercial liability insurer for the Ackels.
YMCA and St. Paul moved for summary judgment, alleging that there were no genuine issues of material fact with regard to tort liability. They claimed that they were entitled to summary judgment because the Louisiana Workers' Compensation Act, LSA-R.S. 23:1021, et seq, provided the exclusive remedy in this case, since Mrs. Brown was in the course and scope of her employment at the YMCA when she fell.
United Pacific also moved for summary judgment, alleging there were no material issues of fact regarding its liability as the Ackels' insurer, since the area where Mrs. Brown fell was exclusively within the scope of the premises leased to the YMCA. After a hearing on these motions on December 20, 1999, the trial judge denied United Pacific's motion, but granted summary judgment in favor of the YMCA and St. Paul in its capacity as the YMCA's insurer.[2] This appeal followed.
Because the judgment on appeal does not dismiss all of the defendants in the suit, it constitutes a partial judgment. As amended in 1997, LSA-C.C.P. art. 1915(B) provided that a partial judgment had to be designated as a final judgment as a prerequisite for an immediate appeal:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The Legislature recently amended the article again by La. Acts 1999 No. 1263. In Roberts v. Orpheum Corp., 98-1941 (La. App. 4 Cir. 2/2/00), 753 So.2d 916, the court observed that according to the 1999 comment to newly amended Article 1915, *830 paragraph (B)(1) was amended to eliminate confusion with Article 1915(A) by eliminating the term "parties" from paragraph (B)(1). Additionally, the comment indicates that a partial judgment under Article 1915(B) is appealable only if the court designates it as an appealable judgment. A partial judgment under paragraph (A) of Article 1915 is appealable without such a designation, except for a partial summary judgment rendered pursuant to LSA-C.C.P. art. 966(E).
However, Act 1263 § 3 provides that "[t]he provisions of this Act shall become effective on January 1, 2000, and shall apply to all actions filed on or after January 1, 2000." The Fourth and First Circuits have concluded that the 1999 amendment does not apply to actions filed before January 1, 2000. See, Doyle v. Mitsubishi Motor Sales of Am., Inc., et al., 99-0459, 99-0460 (La.App. 1 Cir. 3/31/00), 764 So.2d 1041, fn. 3, writ denied, XXXX-XXXX (La.6/16/00), 765 So.2d 338; Brown v. Coregis Ins. Co., 99-0048, 99-0049 (La.App. 1 Cir. 2/18/00), 752 So.2d 347, fn. 5; Roberts, supra.
Because the instant action was filed before January 1, 2000, the 1997 version of LSA-C.C.P. art.1915 is applicable to this case. In Banks v. State Farm Ins. Co., 30,868 (La.App. 2 Cir. 3/5/98), 708 So.2d 523, 525, the court listed several factors to be applied in determining whether a partial judgment is immediately appealable. We adopted the Banks criteria in Berman v. De Chazal, 98-81 (La.App. 5 Cir. 5/27/98), 717 So.2d 658, a case that dismissed an appeal from an improperly designated final judgment.[3] In Berman, we stated that when a trial court's order designating a judgment as immediately appealable is accompanied by reasons, the proper standard of review is whether the trial judge abused his discretion. When no reasons are given, however, we will review the propriety of the designation de novo, considering the Banks criteria. Berman at 661.
In the instant case, the trial judge pronounced judgment in open court on December 20, 1999, and signed the judgment on January 10, 2000, designating it to be a "final, appealable judgment." However, the trial judge did not provide any reasons for his determination. After conducting a de novo review and considering the Banks criteria, we, too, find that there is no just cause for delay.
Summary judgments are reviewed on appeal de novo. Taylor v. Rowell, 98-2865 (La.5/18/99), 736 So.2d 812; Prince v. K-Mart Corp., 99-253 (La.App. 5 Cir. 8/31/99), 742 So.2d 718, 720. A summary judgment is properly granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." LSA-C.C.P. art. 966(B). Facts are material when their existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751.
Once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. Thereafter, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. LSA-C.C.P. art. 966(C)(2); Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691,writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. The summary judgment procedure is favored and shall be construed to accomplish the just, speedy, and inexpensive determination of actions. LSA-C.C.P. art. 966(A)(2); Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606, 611; K-Mart Corp. supra, at 720.
*831 It is against this legal backdrop that we review the correctness of the trial judge's ruling. After the hearing, the trial judge granted the YMCA's summary judgment motion for the following reasons:
Okay. Counsel made much about the, "particularly linked with her employment." The position of a sidewalk, within inches of where you cross a door to get into your employment, that's particularly linked with your employment, because you can't get to your employment without being there. I believe that the YMCA, because of the connexity of the situation, even though it may or may not have been within or out of the leased premises, it was sufficiently close that that had to be traversed every single day in and out of her employment. And, consequently, I find that she was employed at the time, and they were employing her, and they're entitled to the immunity under the statute....
According to the Louisiana Workers' Compensation Act, an employer is responsible for compensation benefits to an employee who is injured in an accident that occurs in the course of the employment and arises out of the employment. Compensation benefits are the employee's exclusive remedy against his employer for such an injury. LSA-R.S. 23:1031-32. When the employer seeks to avail itself of tort immunity under LSA-R.S. 23:1032, the employer has the burden of proving entitlement to immunity. Mundy v. Dep't of Health and Human Resources, 593 So.2d 346, 349 (La.1992).
In the instant case, the plaintiffs contend that the accident neither arose out of, nor was in the course of, Mrs. Brown's employment. An accident "arises out of" employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in employment. Mundy, supra, at 349. An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during working hours, either on the employer's premises or at other places where employment activities take the employee. Id. at 349. The principal criteria for determining course of employment are time, place and employment activity. Id. See also, Mitchell v. Brookshire Grocery Co., 26,755 (La.App.2d Cir.4/5/95), 653 So.2d 202, writ denied, 95-1115 (La.6/16/95), 655 So.2d 339.
The two requirements cannot be considered in isolation from each other. A strong showing by the claimant with reference to the "arising out of" requirement may compensate for a relatively weak showing on the "in the course of" requirement, or vice versa. Raybol v. La. State Univ., 520 So.2d 724, 726 (La.1988).
Most of the cases involving determination of whether an accident causing injury to an employee occurring during a time of travel took place within the course of employment have involved accidents which occurred while the employee was on his way to or from work, or on his lunch hour. As a general rule, such accidents are not considered to have occurred within the course of employment. Hall v. House, Golden, Kingsmill and Riess, 97-988 (La. App. 5 Cir. 5/27/98), 717 So.2d 250, 251-252, writs denied, 98-2195, 98-2205 (La.11/25/98), 729 So.2d 565. However, jurisprudential exceptions to that rule have developed, and the Second Circuit listed several of these exceptions in Yates v. Naylor Indus. Servs., Inc., 569 So.2d 616, 619 (La.App. 2 Cir.1990), writ denied, 572 So.2d 92 (La.1991) as follows:
1) If the accident happened on the employer's premises;
2) If the employee was deemed to be on a specific mission for the employer, such as making a trip in the interest of his employer's business or pursuant to his employer's order;
3) If the employer had interested himself in the transportation of the employee as an incident to the employment agreement either by contractually providing *832 transportation or reimbursing the employee for his travel expenses;
4) If the employee was doing work for his employer under circumstances where the employer's consent could be fairly implied;
5) If the employee was hurt while traveling to and from one work site to another;
6) If the employee was injured in an area immediately adjacent to his place of employment and that area contained a distinct travel risk to the employee, also known as the threshold doctrine; and,
7) If the operation of a motor vehicle was the performance of one of the duties of the employment of the employee.
The Louisiana Supreme Court explained the threshold doctrine in Mundy at 350:
An exception, known as the threshold doctrine, has been recognized when an accident occurs at a place with an unusually hazardous travel risk which is immediately adjacent to, but not on, the employer's premises. The threshold doctrine generally involves a special risk, attributable to the location of the work premises, that is different from the risks to which the general traveling public is exposed or that is more aggravated in the area adjacent to the employer's premises than elsewhere.
The Mundy court also observed that the risks that have caused the greatest difficulty are those that have neither a particular employment character nor a particular personal character. Id.
In the instant case, it is undisputed that Mrs. Brown was leaving for lunch when she fell. It is also undisputed that she was not compensated for her lunch time, nor did the YMCA have any control over how she spent her lunch time. Appellants contend, however, that even if the threshold theory is applicable, genuine issues of fact remain regarding whether the YMCA is entitled to immunity under the Workers' Compensation Act. We agree.
As explained in Mundy, the threshold theory involves a "special risk, attributable to the location of the work premises, that is different from the risks to which the general traveling public is exposed or that is more aggravated in the area adjacent to the employer's premises than elsewhere." In the instant case, there are genuine issues of fact regarding the nature of the risk that caused Mrs. Brown's fall. The petition indicates that Mrs. Brown fell on the sidewalk due to a rainstorm. However, it is unclear whether the risk, that gave rise to her fall, was different from the risks to which the general traveling public was exposed or that the risk was more aggravated in the area adjacent to the employer's premises than elsewhere. See, Mundy, supra.
Likewise, as pointed out by appellants at the hearing, the location of Mrs. Brown's fall is a genuine issue of fact to be resolved at trial. The trial judge's reasons for denying the summary judgment motion filed by United Pacific, the Ackels' commercial liability insurer indicate that one of the issues to be resolved at trial is whether the sidewalk is part of the common area, or whether it is part of premises leased by the YMCA.
Another genuine issue of material fact is whether the accident arose out of Mrs. Brown's employment. According to Mrs. Brown's job description as a nursery supervisor, it was her "responsibility to help people enjoy and feel good about their relationship with [the] YMCA." The job description further provided that the "[p]romotion of favorable feelings toward the child care center and the YMCA in general" and to foster "[p]ositive community relations" were objectives a nursery supervisor should strive toward. Mrs. Brown's affidavit indicates that the YMCA had no knowledge of her providing lunch for the young nursery attendee. However, in light of the foregoing provisions of Mrs. Brown's job description, it is a genuine issue of material fact whether this arrangement benefitted the YMCA.
*833 In conclusion, our review of the record indicates that there remain genuine issues of material fact as to whether or not Mrs. Brown's accident occurred in the course of and arose out of her employment with the YMCA.
For the foregoing reasons, the judgment of the trial court is reversed and the case remanded for further proceedings. Costs of the appeal are assessed against the defendants-appellees.
REVERSED AND REMANDED.
NOTES
[1] The appellate record contains only those portions of the district court record designated for appeal by the appellants. See Rule 2-1.17 of the Uniform Rules, Courts of Appeal. Although the lawsuit was filed against the owners of the premises on December 3, 1998, the record does not contain the petition that apparently added the YMCA and St. Paul as defendants to this lawsuit.
[2] Because the Ackels were the named insureds on the YMCA's policy with St. Paul, it remains in the suit on behalf of the Ackels.
[3] For the purpose of brevity, we do not repeat the Banks criteria here.