JjCLARENCE E. McMANUS, Judge.
In this matter, we affirm the granting of a summary judgment dismissing Plaintiff-Appellants’ products liability claim against Defendant-Appellee the Kelly-Springfield Tire Company.
*926 STATEMENT OF THE CASE
The suit was instituted on December 21, 1998, by Appellants, the Grays, naming as Defendants, among others, Appellee the Kelly-Springfíeld Tire Company, Lucas Tire Co., Inc., # 3, and Willie Parker, wife of/and Mitchell Parker. The suit alleged that Pamela Gray had been involved in an automobile accident on December 21, 1997, when she was driving as a guest in a van owned by the Parkers. The suit also alleged that the accident occurred as a result of a tire blow out, and that the tire in question had been manufactured by Kelly-Springfield and installed by Defendant Lucas Tire.
The specific allegations against Kelly-Springfield are that they are liable to Appellants for manufacturing and/or selling a tire which was unreasonably dangerous in construction or composition as defined in LSA-R.S. 9:2800.55; for manufacturing and/or selling a tire which was unreasonably dangerous in design as defined in LSA-R.S. 9:2800.56; for manufacturing and/or selling a tire which was unreasonably dangerous because an adequate warning about the product was not provided as defined in LSA-R.S. 9:2800.57; and for manufacturing and/or selling a tire which was unreasonably dangerous because of nonconformity to an express warranty as defined in LSA-R.S. 9:2800.58.
Kelly-Springfield at first entered a general denial, then, on February 23, 2000, filed a Motion for Summary Judgment.
[2The motion was heard on May 10, 2000; at the conclusion of the hearing, the trial Judge orally ruled in Kelly-Springfield’s favor. A written judgment was signed on May 16, 2000. The Grays timely sought an appeal, and they now raise the following errors:
1. The Trial Court erred in finding that the Kelly-Springfield Explorer tire did not contain a flaw which contributed to the failure of the tire and in granting the Motion for Summary Judgment without any evidence, whatsoever, of any warnings being presented by the Kelly-Springfield Tire Company;
2. The Trial Court erred in dismissing the litigation with prejudice as to the Kelly-Springfield Tire Company without specifically discussing or ruling on the issue of whether or not The Kelly-Springfield Tire Company was the employer or master of the vendor and installer of the Kelly-Springfield Explorer tire in question.
FACTS
In answers to interrogatories, Pamela Gray alleged that she had been injured as a result of a single vehicle accident that occurred on December 21, 1997, under the following circumstances.
As noted, at the time of the accident, the van was owned by Willie and Mitchell Parker. The tire in question had been installed by Lucas on December 9, 1997, to replace another one that had burst almost immediately after purchase. There is no question that the tire in question had been manufactured by Kelly-Springfield.
By way of depositions and recorded statements, Gray and Mitchell Parker testified that the accident occurred while the parties were on a trip through Texas. Parker stated that he had driven on the tire for several days before they began the trip, that he had had no problems with the tire and that “everything looked fine.” Gray stated that no one had checked the tire’s air pressure at any time during the trip because Parker “had just bought tires.”
Parker had been driving when the accident occurred, and she stated that “everything had been fine” for the “four hours” that passed before the tire actually exploded. Immediately before the accident had occurred, she heard a noise and was forced *927 to slow down as she “fought” with the steering wheel. She then heard a “big noise,” the ear “jerked,” and she lost control of the vehicle. The van spun several times, struck what she described as a traffic control device, and flipped over several times.
| ^Regarding the cause of the tire’s failure, the record shows the following. A copy of a letter from Bryant Trenary, P.E., of Hudson International Consultants and Engineers, included Tranary’s opinion that a damaged wheel had allowed a slow leak to occur in the tire. The leak caused the tire to lose air pressure while the van was being driven under highway conditions; the loss of air pressure, in turn, caused the tire to overheat and blow out.
An affidavit executed by Ernest C. Kes-sell, a former employee of Kelly-Springfield Tire Corporation, conveys Kessell’s opinion that the tire failure had been caused by continued operation of the van while the tire was severely under-inflated as the result of a puncture.
Regarding the issue of a master-servant relationship between Lucas and Kelly-Springfield, we note that this issue was raised not by Gray, but by Kelly-Springfield in their Motion for Summary Judgment, which denied any such relationship between Lucas and Kelly-Springfield. Attached to a memorandum in support of the motion is an affidavit executed by Brandon V. Stotsenburg, a general manager of Kelly Brand Sales, that indicates Lucas is an independent authorized dealer, which, though it may sell Kelly-Springfield tires, is not subject to Kelly-Springfield’s control.
Appellants did not amend their pleadings, or submit any exhibits, to provide any facts demonstrating any such relationship. Instead, their subsequent pleadings simply include the allegation that Kelly-Springfield was vicariously liable for Lucas’s sale and installation of the defective tire.
ASSIGNMENT OF ERROR NUMBER 1
As their first assignment of error, the Grays argue that the trial judge was in error to grant the summary judgment when there was no evidence presented that Kelly-Springfield had furnished warnings that an under-inflated tire is likely to explode when it is driven under highway conditions. We agree that summary judgment was appropriate in this matter.
Initially, we note that the Gray’s original petition listed two other theories of recovery — as grounds for relief, the Grays also argued that Kelly-Springfield is liable for La defective product, and that they are liable because the tire’s failure violated an express warranty. The trial judge did not rule on the express warranty claim; the claim based on assertions that the tire was defective was denied by the judge. Because the express warranty claim was not ruled on below, there is no judgment presented for our review. And the claim that the tire was defective is not argued in the Grays’ brief on appeal. Therefore, the appeal is limited to a consideration of whether Kelly-Springfield is liable for a failure to warn. Uniform Rules — Courts of Appeal Rule 1-3.
Because this matter comes to us as a review of a summary judgment, we address the assignments of error pursuant to the following principles.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Taylor v. Rowell, 98-2865, at 3 (La.5/18/99), 736 So.2d 812, 814; Smith v. Our Lady of the Lake Hosp., Inc., 639 So.2d 730, 750-1 (La.1994); Schroeder v. Board of Sup’rs of Louisiana State Uni *928 versity, 591 So.2d 342, 345 (La.1991); Brown v. Ackel, 00-287, at 5 (La.App. 5 Cir. 7/25/00), 767 So.2d 827, 830.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969.[1] The procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966 A(2); Taylor, 98-2865 at 3, 736 So.2d at 814; Brown, 00-287 at 5, 767 So.2d at 830.
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B;[2] LSA-C.C.P. art. 966 C(1); Taylor, 98-2865 at 3, 736 So.2d at 814; Schroeder, 591 So.2d at 345; Brown, 00-287 at 5, 767 So.2d at 830.
A “fact” is “material” if its existence or nonexistence may be essential to a party’s cause of action under the applicable theory of recovery. Smith, 639 So.2d at 751; Penalber v. Blount, 550 So.2d 577, 583 (La.1989); Bauer v. Dyer, 00-1778, at 13 (La.App. 5 Cir. 2/28/01), 782 So.2d 1133, 1140, writ denied, 01-822 (La.5/25/01), 793 So.2d 162. Or, put another way, any decision as to the propriety of a grant of the motion must be made with reference to the substantive law applicable to the case. Only in the context of the applicable substantive law can issues of material fact be ascertained. Johnson v. Drury, 99-608, 99-1071, at 5-6 (La.App. 5 Cir. 6/2/00), 763 So.2d 103, 107-8; Sun Belt Constructors, a Div. of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5 Cir. 1988).
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966 C(2); Johnson, 99-608 at 6, 763 So.2d at 108.
The Grays’ suit was based on claims grounded in products liability, and therefore, we must review their claim within the context of the following provisions.
LSA-R.S. 9:2800.54 states, in pertinent part, that
A. The manufacturer of a product shall be liable to a claimant for damages proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity.
B. A product is unreasonably dangerous if and only if:
[[Image here]]
(3) The product is unreasonably dangerous because an adequate warning *929 about the product has not been provided as provided in R.S. 9:2800.57;
[[Image here]]
IfiD. The claimant has the burden of proving the elements of Subsections A, B and C of this section.
LSA-R.S. 9:2800.57 specifically provides for a cause of action based a failure to warn:
A. A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer’s control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.
Under the above provisions, as can be seen, it is the plaintiffs burden to prove causation. LSA-R.S. 9:2800.54 D. An essential element of a plaintiffs cause of action for failure to adequately warn of a product’s danger is that there be some reasonable connection between the omission of the manufacturer and the damages which the plaintiff has suffered. Bloxom v. Bloxom, 512 So.2d 839, 850 (La.1987); Ballam v. Seibels Bruce Insurance Company, 97-1444, at 13 (La.App. 4 Cir. 4/1/98), 712 So.2d 543, 550, writ denied, 98-1168 (La.6/19/98), 720 So.2d 1213.
While questions of causation are usually issues for the factfinder’s determination, it is possible to determine these issues on summary judgment, if reasonable minds could not differ. Fowler v. Roberts, 556 So.2d 1, 4-5 (La.1989); Cunningham v. Northland Insurance Company, 00-888, at 9 (La.App. 5 Cir. 9/14/00), 769 So.2d 689, 694, writ denied, 00-2844 (La.12/8/00), 776 So.2d 470.
In the Gray’s brief, they argue that the trial judge should not have granted the summary judgment because “[t]here was no evidence presented by the Mover for the Summary Judgment to the Trial Court that it provided any warning whatsoever, much less an adequate warning that installation on a damaged rim may cause a slow leak in a tire, that an under-inflated radial tire may not be visible to the naked eye and that driving on that tire can cause a blow-out or shredding of the tire thereby causing loss of control of the vehicle.” However, we agree with the trial judge. The Grays have not shown that the breach of any duty to warn was “reasonably connected” to their harm.
|7To prevail on this claim, the Grays must show that they drove on an under-inflated tire because they had not been warned by Kelly-Springfield that this would be dangerous. The Grays have not shown as much.
The Grays have not shown that anyone knew the tire had been mounted on a defective rim, or, that the Parkers even realized that the rim was defective until after the accident. They have not shown that they knew the tire had a puncture. The Grays have not shown that anyone driving in the car when the accident occurred knew the tire had a slow leak. To the contrary, according to the evidence provided by the Grays, all parties had no knowledge of any of these factors; all of the evidence submitted shows that the tires seemed fine. Under these circumstances, therefore, any failure to warn can’t have played any part in causing the Grays’ damages: an absence of warnings, unless it is coupled with the knowledge that would have called the warnings into play, was not “reasonably connected” to the accident caused by the tire’s eventual rupture.
Therefore, there is an absence of factual support for an essential element of the Grays’ claim—causation. Nor does the evidence presented by the Grays raise any *930 issue of material fact. The trial judge was correct to have granted the summary judgment. LSA-C.C.P. art. 966 C(2).
ASSIGNMENT OF ERROR NUMBER 2
As the Grays’ second assignment of error, they assert that the trial judge was in error in dismissing their claim without specifically ruling on whether Kelly-Springfield is liable as the employer or master of Lucas Tire.
Since Kelly-Springfield did raise this issue, if the Grays are arguing that the trial judge should have made a ruling on this specific issue, this appeal is not the appropriate vehicle to remedy any such deficiency. If the trial judge simply neglected to rule on an issue properly before him, the Grays’ remedy was to have sought an amendment of the judgment below.
As the record stands, however, the only evidence in the record does refute the assertion that Kelly-Springfield is liable for Lucas’s acts. There was ample opportunity for the Grays to amend their own pleadings to raise such an issue, and there was ample ^opportunity for the Grays to produce evidence to prove such a claim at the trial of the motion for summary judgment. They did neither.
Therefore, for the above reasons, we find no merit in the Grays’ assignments of error, and affirm the judgment of the trial court, with Appellants to bear costs of appeal.

AFFIRMED.

. Article 969 disallows summary judgments in some domestic proceedings.

. Language not cited regarding service of pleadings was amended during the latest legislative session. 2001 La. Acts 771. The omitted language, as amended, is not pertinent here.