Lamonde CLARK, et al., Plaintiffs,

v.

BOHN FORD, INC., et al., Defendants.

Wendy Hyatt, et al., Plaintiffs,

v.

Bridgestone/Firestone, Inc., Defendants.

Nos. IP–01–5277–C–B/S,
IP–01–5236–C–B.S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

July 26, 2002.

Don Barrett, Barrett Law Office Pa, Lexington, MS, Victor Manuel Diaz, Jr., Podhurst Orseck Josefsberg & Eaton, Miami, FL, Mike Eidson, Colson Hicks Eidson, Coral Gables, FL, Irwin B Levin, Cohen & Malad, Indianapolis, IN, William E Winingham, Wilson Kehoe & Winingham, Indianapolis, IN, for plaintiffs.

John H Beisner, O'Melveny & Myers LLP, Washington, DC, Daniel P Byron, Bingham McHale, LLP, Indianapolis, IN, Mark Herrmann, Jones Day Reavis & Pogue, Cleveland, OH, Thomas S Kilbane, Squire Sanders & Dempsey LLP, Cleveland, OH, Mark Merkle, Krieg Devault LLP, Indianapolis, IN, Randall Riggs, Locke Reynolds LLP, Indianapolis, IN, Colin P Smith, Holland & Knight LLP, Chicago, IL, Thomas G Stayton, Baker & Daniels, Indianapolis, IN, for defendants.

## ORDER GRANTING FIRESTONE'S MOTIONS FOR SUMMARY JUDGMENT

BARKER, District Judge.

This entry addresses summary judgment motions filed by Defendant Bridgestone/Firestone American Tire, LLC ("Firestone") in two of the personal injury cases pending in this Multidistrict Litigation. Firestone asserts, as the basis for these motions, that Plaintiffs cannot maintain their causes of action because the tires at issue were discarded. Because the facts in the two cases are similar and because both cases are governed by the same summary judgment standard and by the tort law of Louisiana, we analyze the summary judgment motions together. For the reasons set forth below, Defendant's Motions for Summary Judgment are *GRANTED*.

### Factual and Procedural Background

**The *Clark* Case**

Plaintiffs allege that Firestone [1] is liable for injuries suffered by Lamonde Clark, Gina Theresa Cannon, and Laron Michael Simon. On December 16, 1999, in Alabama, Cannon was driving a 1993 Ford Explorer equipped with Firestone tires.

---

1. Plaintiffs in this case also sued Bohn Ford, Inc., which has not moved for summary judgment.

Clark Complaint ¶ 2. Her passengers were Clark and Simon. *Id.* The vehicle's right rear tire allegedly blew out, causing the vehicle to leave the roadway and flip over a number of times. *Id.* Plaintiffs filed suit in the Parish of Orleans Civil District Court in Louisiana, alleging violations of the Louisiana Products Liability Act ("LPLA"), La.Rev.Stat. Ann. § 9:2800.52 et seq. *Id.* at ¶ 4.

The case was removed to federal court and transferred here for consolidated and coordinated proceedings pursuant to 28 U.S.C. § 1407. Case-specific discovery revealed that the subject tire is unavailable and that no pictures of the tire or vehicle are extant. *See* Def.'s Req. for Prod. of Docs. and Pls.' Ans. to Req. at Nos. 4 and 5 (attached as Exs. B and C to Def.'s Memo.). Firestone filed its motion for summary judgment on April 15, 2002. Under Local Rule 56.1, the deadline for opposing the motion has passed without response from Plaintiffs.

### The *Hyatt* Case

Plaintiffs Wendy Hyatt and Marvin "Jimmy" Hyatt, Jr. have sued Firestone to recover for injuries allegedly suffered by Ms. Hyatt. The complaint alleges that, on July 31, 1999, Ms. Hyatt was driving a 1993 Ford Explorer equipped with Firestone tires, when the left rear tire blew out, causing the vehicle to enter a ditch and flip over several times. Hyatt Complaint ¶ I–II. The Hyatts brought suit in the Fourth District Court for the Parish of Ouachita in Louisiana. The case was removed to federal court and transferred to this court for multidistrict proceedings. As in the *Clark* case, Plaintiffs were unable to produce the subject tire in discovery. *See* Queiser Aff. ¶ 7 (attached as Ex. B to Def.'s Memo.). Firestone filed its Motion for Summary Judgment on April

15, 2002, to which Plaintiffs did not respond.[2]

### Analysis

### Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." The moving party may meet its burden of demonstrating the absence of a triable issue by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party opposing a well-supported summary judgment motion may not simply rest on the pleadings, but must respond affirmatively with "specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e). In deciding a motion for summary judgment, courts must construe all facts and draw all reasonable and justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Shank v. William R. Hague, Inc.,* 192 F.3d 675, 681 (7th Cir.1999). Nonetheless, the "mere scintilla of evidence in support of the plaintiff's position will be insufficient" to avoid summary judgment. *Liberty Lobby,* 477 U.S. at 252, 106 S.Ct. 2505.

### Application of Louisiana Products Liability Act

 In Louisiana, the LPLA provides the exclusive theories of liability against manufacturers, such as Firestone, for damages caused by their products. La.Rev.

---

**2.** Firestone also filed a summary judgment motion asserting that Plaintiffs' claims are barred by the applicable statute of limitations.

We do not address the statute of limitations issue, as our ruling on the present motion disposes of the case.

Stat. Ann. § 9:2800.52 ("A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter."). To establish manufacturer liability, the plaintiff must show "(1) damage, that (2) was proximately caused by (3) a characteristic of an unreasonably dangerous product during (4) a reasonably anticipated use of that product." *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir.1997) (citing La.Rev.Stat. Ann. § 9:2800.54). In order for a product to be unreasonably dangerous, it must either (a) be defective in construction or composition, (b) be defective in design, (c) not be accompanied by an adequate warning, or (d) fail to conform to an express warranty. La.Rev.Stat. Ann. § 9:2800.54(B). Plaintiffs have the burden of proving these elements. La.Rev.Stat. Ann. § 9:2800.54(D).

Firestone bases its summary judgment motions on the ground that Plaintiffs will be unable to show that the subject tires are "unreasonably dangerous" under any of the four theories set forth in the LPLA. Def.'s Memos. at 3. Specifically, according to Defendant, Plaintiffs cannot show that the tires are defective (or "unreasonably dangerous") without the subject tires. In the absence of the tires, the only evidence of tire defect or causation is tire failure, which, Defendant argues, is legally insufficient to establish unreasonable dangerousness. We examine the four theories of manufacturer liability and explain why Plaintiffs cannot raise a genuine issue of material fact sufficient to withstand Firestone's summary judgment motions.

### No Defect in Construction or Composition

■ In order to show that the subject tires were "unreasonably dangerous in construction or composition," Plaintiffs must demonstrate that "at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." La. Rev.Stat. Ann. § 9:2800.55. Plaintiffs fail to raise a genuine issue of material fact with regard to this theory of defect. In both the *Clark* and *Hyatt* cases, Plaintiffs rest on the pleadings which allege "specific facts showing that there is a genuine issue for trial" only with regard to the occurrence of tire blowouts and vehicle rollovers. Neither set of Plaintiffs presents facts detailing a manufacturing defect in the subject tires. Under Louisiana law, the fact of an accident, without more, is legally insufficient to demonstrate defect in construction or composition. In *Clement v. Griffin*, the Court of Appeal of Louisiana concluded that "failure of a tire is not such an unusual event that a defect can be inferred solely from the fact that the accident occurred." 634 So.2d 412, 429–30 (La.Ct.App.1994) (citing *Broussard v. Pennsylvania Millers Mutual Ins. Co.*, 406 So.2d 574 (La.1981); *Traut v. Uniroyal, Inc.*, 555 So.2d 655, 656 (La.Ct.App. 1989); *Williams v. U.S. Royal Tires*, 101 So.2d 488, 492 (La.Ct.App.1958)).[3]

Rather, some sort of expert testimony concerning defect is needed. For instance,

---

**3.** The cases cited here all predate the effective date of the LPLA. However, as the *Clement* decision notes, this rule rests on a *"longstanding principle of law*, as demonstrated by the following quote from *Williams*, 101 So.2d at 492: 'It cannot be presumed or said that the blowing out of this tire was solely because of a defect therein by the alleged manufacturer.... There are numberless other means or

causes other than a defect in the manufacture, which bring about a blow out of a tire.' " 634 So.2d at 430 (emphasis added). Furthermore, two cases applying the LPLA reject the inference of tire defect from tire failure. *Parra v. Pirelli Tire, LLC*, 1999 WL 796213, at *1 (E.D.La.1999); *Jaeger v. Automotive Casualty Ins. Co.*, 682 So.2d 292, 298 (La.App.1996).

in *Clement,* the court determined that the expert testimony concerning a manufacturing defect did not satisfy *Daubert* standards and should not have been admitted. 634 So.2d at 427. The court then concluded that the jury's finding of liability on the part of the manufacturer must be overturned because the expert testimony was the only evidence of manufacturing defect presented at trial. *Id.* at 428. The court in *Clement* reached this decision despite the fact that evidence of the fact of a tire blowout and accident had been demonstrated at trial. *Id.* at 420 (describing the accident). *See also Parra,* 1999 WL 796213, at *1–2 (tire failure does not permit finding of tire defect absent expert testimony). Here, Plaintiffs in both cases failed to submit expert testimony concerning a manufacturing defect in their tires, as required by Louisiana law. For that reason, Firestone is entitled to summary judgment as to liability for defect in construction or composition under the LPLA.

**No Defect in Design**

▇ Similar reasoning precludes Plaintiffs from demonstrating a genuine issue of material fact with regard to whether the tires were "unreasonably dangerous in design." Establishing liability under this theory of the LPLA requires a plaintiff to demonstrate that when the product left the manufacturer's control:

(1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and

(2) The likelihood that the product's design would cause the claimant's damage and the gravity of the damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product.

La.Rev.Stat. Ann. § 9:2800.56. Courts interpreting this provision of the LPLA have used a risk-utility analysis, as suggested by the second prong of subsection 9:2800.56. *See, e.g. Krummel v. Bombardier Corp.,* 206 F.3d 548, 551–52 (5th Cir. 2000); *Bernard v. Ferrellgas, Inc.,* 689 So.2d 554, 558 (La.Ct.App.1997).

Such an analysis almost always requires expert testimony.[4] *Monk v. Komatsu Dresser Co.,* 1994 WL 10163, at *1 (E.D.La.1994) ("Plaintiff's proof of a design defect must rest on the opinion of its expert witness because without expert testimony, Plaintiff cannot establish a design defect."). *See also McCarthy v. Danek Medical, Inc.,* 65 F.Supp.2d 410, 412 (E.D.La.1999) ("Without expert or technical evidence to support the contention that the design was defective or to establish an alternative design, plaintiff has failed to create an issue of fact to be left to a jury.") (citations omitted). Here, as noted in the discussion of manufacturing defect, Plaintiffs come forward with no expert testimony in opposition to the summary judgment motions. The absence of a response leaves only their allegations of the occurrence of blowouts and vehicle rollovers to support their cases, which is clearly inadequate under Louisiana law. *See also McCarthy,* 65 F.Supp.2d at 412 ("Louisiana law does not allow a fact finder to presume an unreasonably dangerous design solely from the fact that injury occurred."). Firestone is entitled to summary judgment on claims brought pursuant to La.Rev.Stat. Ann. § 9:2800.56.

---

**4.** The Fifth Circuit leaves open the possibility that a design feature may be sufficiently uncomplicated that a lay person could understand it without the aid of expert testimony. *Krummel,* 206 F.3d at 551–52 n. 4 (citing *Lavespere v. Niagara Machine & Tool Works,* *Inc.,* 910 F.2d 167, 183 (5th Cir.1990), abrogated on other grounds *Little v. Liquid Air Corp.,* 37 F.3d 1069 (5th Cir.1994)). This hypothetical possibility is not applicable here. The design features of tires are not "uncomplicated."

### No Failure to Provide Adequate Warning

■ In order to' demonstrate that the subject tires are "unreasonably dangerous because an adequate warning about the product has not been provided," La.Rev. Stat. Ann. § 9:2800.54(B)(3), Plaintiffs must show that "the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product." La.Rev. Stat. Ann. § 9:2800.57(A) (emphasis added). Plaintiffs in the *Clark* case allege that Defendant failed to inform Clark about safe psi inflation levels for Firestone tires. Clark Complaint ¶ 4(a). Clark testified that, prior to the accident, the tire was inflated to 40 psi. Clark Dep. at 104. To establish a claim for failure to provide an adequate warning, a plaintiff must show that there is "some reasonable connection between the omission of the manufacturer and the damages which the plaintiff has suffered." *Gray v. Cannon,* 807 So.2d 924, 929 (La.Ct.App.2002). Plaintiffs have presented no evidence indicating that the accident would have been less likely to occur had they been instructed to inflate the tires to a different psi. Because Plaintiffs in *Clark* do not offer any evidence, they fail to establish any causal link between the failure to warn and their injuries. *See id.* (burden of proving causation on plaintiff in failure to warn case).[5] Summary judgment in favor of Firestone is warranted on this point.

### No Failure to Conform to Express Warranty

Finally, liability can be established under the LPLA when a plaintiff demonstrates that a product "does not conform to an express warranty made at any time by the manufacturer about the product if the express warranty has induced the claimant or another person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue." La.Rev.Stat. Ann. § 9:2800.58. There are no allegations, much less any evidence, that any express warranties were made to Plaintiffs concerning the tires.

### Conclusion

For the reasons explained above, Firestone's summary judgment motions in the *Clark* and *Hyatt* cases are *GRANTED* and the claims against Firestone are *DISMISSED.*

---

5. The *Hyatt* Plaintiffs do not offer any argument or evidence (or make any allegations) related to inadequate warnings.